THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEAK PROPERTY RENTALS LLC, <br><br> Plaintiff, <br> v. <br><br> TRACY GIBBONS, ROYCE MONSON, and DOES I-X, <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:24-cv-274 TS DBP <br><br> Judge Ted Stewart <br><br> Chief Magistrate Judge Dustin B. Pead |

On April 17, 2024, Defendant Royce Monson removed this action from the Third District Court, State of Utah, Salt Lake County.[1] Citing 28 U.S.C. § 1332 alleging the parties are of "complete diverse citizenships and the amount in controversy exceeds $75,000.00."[2] On April 22, 2024, the court entered an Order to Show Cause regarding jurisdiction.[3] The court ordered Defendants, who bear the burden to establish jurisdiction as the removing party,[4] to show cause why this matter should not be remanded to State Court. Defendants filed a timely response, and Plaintiff also filed a response with the court. As set forth herein, the undersigned recommends that this case be remanded back to the State Court.

## BACKGROUND

Plaintiff Peak Property Rentals LLC initiated this action against Defendants in Utah state court claiming it owns certain property on which Defendants reside and are tenants. Plaintiff

---

[1] ECF No. 4.

[2] Notice of Removal p. 2, ECF No. 2.

[3] ECF No. 6.

[4] *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (noting that in considering diversity jurisdiction, one starts "with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence").

brings claims for unlawful detainer seeking removal of Defendants and asserts the damages are "$50,000 or less." The pro se Defendants removed the matter to Federal Court claiming § 1332 diversity jurisdiction. The court entered an Order to Show Cause questioning its diversity jurisdiction and both parties responded.

Plaintiff noted in its response, that Defendant Royce Monson has been subject to two prior eviction proceedings in State Court and sought removal in both those cases to Federal Court under diversity jurisdiction. In each instance, this court remanded the case back to State Court, while also awarding reasonable attorney fees for the cost of removal in the 2014 case.[5] Mr. Monson alleges he was a victim of fraud in those prior cases without offer any details regarding the alleged fraud.

## DISCUSSION

Under section 28 U.S.C. § 1332(a)

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . .

As the party attempting to invoke this court's jurisdiction, Defendants bear the burden of establishing that both conditions are satisfied.[6]

When considering the first requirement, the amount in controversy "is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the

---

[5] *See Powderwood Condominium Association v. Monson*, case no. 2:12-cv-379 TS (D. Utah 2012), ECF No. 17; *CR Radcliff Investment v. Monson*, case no. 2:14-cv-215 DS (D. Utah 2014), ECF No. 11.

[6] *Middleton*, 749 F.3d at 1200.

allegations in the notice of removal."[7] Plaintiff's Complaint for unlawful detainer seeks damages of "50,000 or less."[8] In contrast, Defendants' Notice of Removal states:

> Defendants assert a counterclaim of $1,000,000 in damages for Plaintiffs attempts at wrongful eviction and because Plaintiff has violated defendants' civil rights. As such, Plaintiff owes Defendants $1,000,000 in civil rights and wrongful eviction damages.[9]

The disparity between Plaintiff's requested damages and Defendants' request led to the court's Order to Show Cause.

In the response to the Order to Show Cause, Defendants offer the following in support of their counterclaim for $1,000,000 in damages for "Plaintiff's attempts at wrongful eviction." Plaintiff "has violated defendants civil rights" and as such, owes Defendants $1,000,000. Defendants will file their counterclaim "forthwith" that supports the amount in controversy requirement. A "counterclaim can indeed invoke federal jurisdiction." The lease was terminated without any grounds to do so. Defendants are "being evicted due to familial status for not being a traditional family." Finally, under *Ryan v. Bindley*,[10] a Supreme Court case from 1863, "a setoff pleaded by the defendant 'may ... change the original character of the suit' with respect to the amount in controversy."[11]

The Supreme Court has provided that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[12] However, "[e]vidence establishing the amount is required … when the plaintiff contests, or the

---

[7] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547 (2014).

[8] Complaint, ECF No. 2-2 p. 3.

[9] ECF No. 4 p. 3.

[10] 68 U.S. 66 (1863).

[11] Response to OSC p. 4, ECF No. 16 (quoting *Ryan*, 68 U.S. at 67).

[12] *Dart Cherokee Basin*, 574 U.S. at 89.

court questions, the defendant's allegation."[13] The court here has questioned Defendants' allegations for a counterclaim of $1,000,000. Plaintiff has failed to offer sufficient evidence establishing the amount. While a setoff pleaded by a defendant may change the original character of a suit, a change from damages of around $50,000 as alleged by Plaintiff, to $1,000,000 as alleged by Defendants, is not plausible without more than is offered here. Defendants fail to meet their burden to establish the required amount in controversy.

Turning to the second requirement, for "purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[14]

Defendants aver they are residents of Idaho. Plaintiff, however, contest Defendants' assertion noting Defendants are residents of real property leased to them by Plaintiff in Utah. Defendants' allegations of Idaho residency are undermined by multiple court mailings to their alleged Idaho address that were returned as undeliverable.[15] Further, Mr. Monson made an identical claim of citizenship in Idaho in a prior case before this court.[16] Defendants provide no proof of their residency in Idaho and evidence on the docket undermines their assertions. The case relied on by Defendants, *Caterpillar Inc. v. Lewis*,[17] does not stand for the proposition that Defendants are "given the benefit of any doubt" when it comes to jurisdiction. Rather, the Supreme Court held that the district court's error in not remanding an improperly removed case was not fatal if the federal jurisdictional requirements are met at the time when judgment is

---

[13] *Id.*

[14] *Middleton*, 749 F.3d at 1200 (internal citation omitted).

[15] ECF Nos. 11, 12, 13, 14, 15, 17, 18.

[16] *CR Radcliff Investment v. Monson*, case no. 2:14-cv-215 DS (D. Utah 2014), ECF No. 11.

[17] 519 U.S. 61 (1996).

entered. In *Caterpillar* the Supreme Court also noted the exorbitant cost on both the federal and state court systems if post judgment, a case is remanded where the federal jurisdictional requirements are eventually met. This case is at its very inception, so the costs and burdens are not those found in *Caterpillar*. That case is not applicable here.

Finally, Plaintiff Peak Property Rentals is a limited liability company (LLC), and "as an unincorporated association, takes the citizenship of all its members."[18] In its response to the court's Order to Show Cause, Plaintiff provides it is a Utah limited liability company with an address located in Draper, Utah. It is still unclear where all its members reside, and Defendants do not provide that information to the court. Because the identity of all of Plaintiff's members is unknown remand to State Court is proper.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that this case be remanded back to State Court. The amount in controversy requirement is not met in this case and even presuming it was, diversity of citizenship is unclear despite the court ordering Defendants to demonstrate citizenship of the parties. In short, this appears to be an improper attempt to delay an unlawful detainer action by removing it to Federal Court.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[18] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

DATED this 21 May 2024.

                                                _____
                                                Dustin B. Pead
                                                United States Magistrate Judge