IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PEAK PROPERTY RENTALS, LLC,<br><br>                    Plaintiff,<br>v.<br><br>TRACY GIBBONS AND ROYCE MONSON,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANTS' OBJECTION AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00274-TS-DBP<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

      This matter comes before the Court on Defendants' Objection to the Magistrate Judge's Report and Recommendation.[1] Based on the following, the Court will overrule Defendants' Objection, adopt the Recommendation, and remand the matter back to State court for lack of subject matter jurisdiction.

      Plaintiff originally filed this unlawful detainer suit in Third District Court, State of Utah after which, on April 17, 2024, Defendant Royce Monson, appearing *pro se*, removed it to federal court.[2] In support of removal, Monson alleged "completely diverse citizenships and the amount in controversy exceeds $75,000.00."[3] On April 22, 2024, the Magistrate Judge issued an order to show cause as to why the case should not be remanded to State court for lack of subject matter jurisdiction.[4] Thereafter, both parties responded. Defendants asserted that subject matter

---

[1] Docket No. 21.

[2] Docket No. 2.

[3] *Id.* at 2.

[4] Docket No. 6.

jurisdiction existed, and Plaintiff argued that neither the amount in controversy nor the citizenship of the parties supported removal. The Magistrate Judge issued a Report and Recommendation that the matter be remanded back to State court for lack of subject matter jurisdiction. Defendants objected to the Recommendation and filed a counterclaim.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), a party has 14 days after service to object to a Report and Recommendation. Defendants timely filed an objection to the Magistrate Judge's Report and Recommendation. The Court then reviews the Report and Recommendation de novo.[5] "In order to conduct a de novo review a court 'should make an independent determination of the issues; it is not to give any special weight to the prior determination.'"[6] "'The district judge is free to follow a magistrate judge's recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.'"[7]

## II. DISCUSSION

The Magistrate Judge recommends that this case be remanded to State Court because the amount in controversy requirement is not met and, even if it was, Defendants do not demonstrate diversity of citizenship.[8] Defendants object to the Recommendation arguing that the parties are diverse and, based on their counterclaim, the amount in controversy is satisfied.

28 U.S.C. § 1332(a) provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[5] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[6] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967)).

[7] *Id.* (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

[8] Docket No 20, at 5.

interest and costs, and is between . . . citizens of different States." The party invoking diversity jurisdiction bears the burden of proof by a preponderance of the evidence.[9]

Plaintiff's Complaint alleges damages of $50,000.00 or less.[10] After the Magistrate Judge issued his Report and Recommendation, on June 10, 2024, Defendants filed a document entitled "Counterclaim."[11] Defendants assert counterclaims related to the facts at issue here and allege damages of not less than $1,000,000.00.

The amount in controversy is "the sum demanded in good faith in the initial pleading."[12] Because the counterclaims were not filed at the time of removal, they cannot be considered to determine the amount in controversy.[13]

Even if the counterclaims were filed at the time of removal, the Supreme Court has concluded that "[28 U.S.C. §] 1441(a) does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."[14] The Complaint alleges damages in the amount of only $50,000.00, which is well below the amount in controversy requirement.

---

[9] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

[10] Docket No. 2-2, at 3.

[11] Docket No. 22.

[12] 28 U.S.C. § 1446(c)(2).

[13] *Martin Pet Prods., Inc. v. Lawrence*, 814 F. Supp. 56, 58 (D. Kan. 1993) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (10th Cir. 1998).

[14] *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019); *see also BH Mgmt. v. Hassan*, No. 1:21-cv-02258-WMR-AJB, 2021 WL 3271478, at *4 (N.D. Ga. June 10, 2021) ("Counterclaims should not be considered in the calculation of the amount in controversy in a removal action because they are not a part of the plaintiff's complaint.").

The Court has considered the filings, the Report and Recommendation, and Defendants' Objection. Having done so, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Defendants' Objection.

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Objection (Docket No. 21) is OVERRULED; It is further

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 20) is ADOPTED in full.

The Clerk of the Court is directed to remand this matter to the Third Judicial District Court in and for Salt Lake County, State of Utah.

DATED July 22, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge

4